IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES PETTY, AIS# 124252 )
)
     Plaintiff, )
)
)
v. ) Case #2:06-CV-639-WKW
)
)
)
RAY B. FINEDOER, et al., )
)
     Defendant. )

**SPECIAL REPORT**

Comes now the Defendant, Ray Finedore, by counsel, denying Plaintiff's 1983 claims, and shows unto the Court the following:

**Our Understanding of the Complaint**

Plaintiff was paroled on 6-21-2005 to a verified home plan – South Alabama Community Center, 111 Washington Street, Troy, Alabama. While there he was required to may monetary payments to the Center. Upon leaving the Center's 6-month program he moved to 308

1

Mulberry Street, Troy, Alabama, where he again was required to make monetary payments as a condition of the living arrangements. Plaintiff alleges that the Mulberry Street residence was closed sometime in mid-February 2006.

Plaintiff alleges that the monetary requirements at the Center and Mulberry Street residences were extorted from him by Defendant Edward Hardy and seeks equitable relief. He claims Hardy failed to disclose the financial arrangements for participation in the program.

A Report of Parole Violation was prepared on 3-14-2006 charging Plaintiff with Failure to Report and Failing to Pay Supervision Fees. Following Parole Court, Plaintiff's parole was revoked on 5-1-2006.

Plaintiff alleges that Defendant Ray Finedore violated his constitutionally protected right to "equal protection" and "due process" in the revocation of his parole.

Plaintiff seeks a new parole court hearing and reinstatement to parole.

## Exhibits

Exhibit A – Ray Finedore affidavit dated 9-8-06

## Defendant Ray Finedore's Arguments

The Defendant, Ray Finedore, denies the Plaintiff's allegations and submits an affidavit in support thereof. *(Exhibit-A)*.

## Extortion

The Complaint fails to state a claim for extortion against Finedore under State or Federal law. The Complaint fails to allege that Finedore ask for or received any thing of value from the Plaintiff, except for statutorily required money – parole supervision fees and court ordered money.[1] The Complaint fails to cite any conduct by Finedore concerning his involvement in the extortion claim.

## Immunity

Finedore is entitled to immunity from monetary damages. The Supreme Court held that a State official was immune, as the effect of suing him for equitable

---

[1] Ala. Code 15-22-2(a): Any person who is placed on parole by the Board of Pardons and Paroles …, and who has income shall be required to contribute thirty dollars ($30) per month toward the cost of his or her supervision and rehabilitation beginning 30 days from the date he or she has an income.

3

relief was to obtain relief from the State. "Obviously, State officials literally are persons. But a suit against a State official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. *Brandon v. Holt*, 469 U.S. 464, 471, 105 S.Ct. 873, 877, 83 L.Ed.2d 878 (1985). As such, it is no different from a suit against the State itself. See, e.g., *Kentucky v. Graham, 473 U.S. 159, 165-166, 105 S.Ct. 3099, 3104-3105, 87 L.Ed.2d 114 (1985); Monell, supra, at 690, n. 55, 98 S.Ct., at 2035, n. 55.* We see no reason to adopt a different rule in the present context, particularly when such a rule would allow petitioner to circumvent congressional intent by a mere pleading device." *Will v Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312.* Neither the State of Alabama nor its officials may be sued under §1983 as a means of obtaining either monetary or other relief from the State.

## Equal Protection

The Complaint fails to state a claim against Finedore concerning his constitutional right to "equal

protection". To establish equal protection claim, prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race *(Jones v. Ray 279 F.3d 944 (11th Cir. 2001)*. Plaintiff makes only an allegation that Finedore violated his equal protection rights by bringing parole violation charges against him during stressful times. Plaintiff failed to state an equal protection claim.

## Due Process

Plaintiff alleges Finedore violated his right to procedural due process in the parole revocation process. Finedore denies these allegations.

*Habeas corpus exclusive remedy:*

A §1983 actions is improper method to challenge parole revocation. Habeas corpus is exclusive remedy for state prisoner challenging fact or duration of his confinement and seeking immediate or speedy release, *Heck v Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994);* 28 U.S.C.A. §2254.

*Failed to exhaust State remedies:*

Plaintiff has failed to exhaust his State remedy concerning the revocation of his parole. Challenges concerning parole revocation are brought by writ of certiorari in Montgomery County Circuit Court, Sellers v State, 586 So.2d 994 (Ala.Crim.Ct.App. 1991).

## Conclusion

Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff failed to establish a equal protection claim.

Plaintiff's claims against Finedore concerning due process are outside the scope of §1983 actions and should have been brought in a habeas corpus action.

Plaintiff failed to exhaust State remedy concerning challenges to his parole revocation.

The Defendant, Ray Finedore, is entitled to judgment for failure to state a claim upon which relief may be granted. (Rule 12(b)(6), Fed.R.Civ.Proc.).

In the alternative Defendant, Ray Finedore, is entitled to be dismissed from this suit as a matter of law. (Rule 56, Fed.R.Civ.Proc.).

6

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL

s/STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
Steve.Sirmon@alabpp.gov

## CERTIFICATE OF SERVICE

I hereby certify that on 9-12-2006 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that on 9-12-2006 I mailed ,by United States Postal Service, the document to the following non-CM/ECF participants:

**JAMES PETTY
AIS #139044
EASTERLING CORRECTIONAL FACILITY
200 WALLACE DR.**

**CLIO, ALABAMA 36017-2615**

Done this **12th** day of **September 2006**.

Respectfully submitted,

s/ STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
steve.sirmon@alabpp.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES PETTY, AIS# 124252,    )
                             )
     Plaintiff,              )
                             )
                             )
v.                           )    Case #2:06-CV-639-WKW
                             )
                             )
                             )
RAY B. FINEDORE, et al.,     )
                             )
     Defendant.              )

### ANSWER

Comes now the Defendant, Ray Finedore, by counsel, denying Plaintiff's 1983 claims, and shows unto the Court the following:

1. The Complaint fails to state a claim against Finedore for Extortion. The Complaint cites no conduct on the part of Finedore that meets the elements of extortion as defined under State or Federal law. Finedore denies the allegation.

2. Plaintiff's claims against Finedore challenge his "due process" rights established under *Morrissey v*

1

*Brewer, 408 U.S. 471 (1972)*, in which he seeks to overturn his parole revocation and incarceration. Habeas corpus is exclusive remedy for state prisoner challenging fact or duration of his confinement and immediate or speedy release.

3. Plaintiff has failed to exhaust State remedies in challenging his "due process" rights in the parole revocation process. A writ of certiorari in Montgomery County Circuit Court is the state remedy for such a challenge.

4. The Complaint alleges Finedore violated Plaintiff's Constitutional right to "equal protection", but fails to cite any conduct wherein Finedore treated Plaintiff differently that other parolees similarly situated. Nor does Plaintiff show he is a member of a protected class entitled to such protection. Finedore denies the allegation.

5. Finedore is entitled to immunity from monetary damages. The Supreme Court held that a State official was immune, as the effect of suing him for equitable relief was to obtain relief from the

State. "Obviously, State officials literally are persons, but a suit against a State official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.

Wherefore, premises considered the Defendant, Ray Finedore, moves the Court to dismiss him from this action.

>
> Respectfully submitted,
>
> TROY KING
> ATTORNEY GENERAL
>
> GREGORY O. GRIFFIN, SR.
> CHIEF COUNSEL
>
> s/STEVEN M. SIRMON
> ASSISTANT ATTORNEY GENERAL
> State Bar#: ASB-5949-S61S
> Ala. Bd. Pardons and Paroles
> P.O. Box 302405
> Montgomery, Alabama 36130
> Telephone: (334) 242-8700
> Fax: (334) 353-4423
> Steve.Sirmon@alabpp.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on 9-12-2006 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that on 9-12-06 I mailed ,by United States Postal Service, the document to the following non-CM/ECF participants:

>    **JAMES PETTY**
>    **AIS #139044**
>    **EASTERLING CORRECTIONAL FACILITY**
>    **200 WALLACE DR.**
>    **CLIO, ALABAMA 36017-2615**

Done this **12**[th] day of **September 2006**.

>    Respectfully submitted,

>    s/ STEVEN M. SIRMON
>    ASSISTANT ATTORNEY GENERAL
>    State Bar#: ASB-5949-S61S
>    Ala. Bd. Pardons and Paroles
>    301 South Ripley Street
>    P.O. Box 302405
>    Montgomery, Alabama 36130
>    Telephone: (334) 242-8700
>    Fax: (334) 353-4423
>    steve.sirmon@alabpp.gov

4

STATE OF ALABAMA )
)
MONTGOMERY COUNTY )

## AFFIDAVIT

BEFORE ME, the undersigned authority for said County and State, personally appeared **Ray Finedore,** who is known to me, and after being duly sworn, deposed and said as follows:

My name is **Ray Finedore** and I am currently employed with the Alabama Board of Pardons and Paroles as a Probation and Parole Officer III and assigned to the Troy, Alabama office. As a probation and parole officer I supervise probationers for the Courts and parolees for the Parole Board. I also prepare reports of investigation for the Courts and the Parole Board.

"James Petty was paroled to the Troy office and assigned to my caseload. Mr. Petty had submitted a home plan for approval, indicating he would live at the South Alabama Community Center, 111 Washington Street, Troy, Alabama. I verified this plan and it appeared to be satisfactory. I was not involved in establishing the home plan, just verifying it would be a satisfactory plan. Mr. Petty was paroled and resided at the South Alabama Community Center until he completed the 6-month program the Center provides. When Mr. Petty reported in December 2005 he was drug tested resulting in a positive reading for marijuana and cocaine. I counseled him concerning his drug use and told him he would be drug tested more frequently as a result and any further positive screens would result in his arrest. He also indicated he had moved to 308 Mulberry Street, Troy, Alabama. Mr. Petty reported for the month of January 2006 and failed to report thereafter.

"On 3-14-2006 I prepared a Report of Parole Violation charging Mr. Petty with failing to report and failing to pay supervision fees. He was afforded a parole court hearing, where he pled guilty to both charges. The Parole Board revoked his parole on 5-1-2006.

"During the period when I supervised Mr. Petty I was not involved in securing his living arrangements, nor did I have any personal or monetary interest in where he lived.

1



EXHIBIT
A

Mr. Petty was free to live wherever he wished, provided it was a satisfactory home plan. My only interest was to assure he initially had a satisfactory home plan and that he kept me informed of his living arrangements, which is a condition of his parole.

"I deny being involved in what Mr. Petty calls *extorting money* from him. I further deny having anything to do with choosing Mr. Petty's living arrangements, other than assuring it was satisfactory for a smooth transition back into the community after being released from prison.

"I deny violation Mr. Petty's due process or equal protection rights. He quit reporting and paying his supervision fees after a counseling session concerning his positive drug test for cocaine and marijuana. I filed a Report of Parole Violation charging him with failing to report and failing to pay his supervision fees. Parole Court was conducted and he pled guilty to both charges. The Parole Board revoked his parole as a result. I deny treating Mr. Petty differently than any other parolee, under similar circumstances."

_____
**RAY FINEDORE**
**Alabama Probation and Parole Officer**

SWORN TO AND SUBSCRIBED before me this 8th day of September 2006.

_____
**NOTARY PUBLIC**
**Commission Expires:** 6-29-09

2