IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES PETTY, #124 252, | * | |
|    Plaintiff, | * | |
| v. | * | Case No. 2:06-CV-639-WKW |
| RAY B. FINEDOR, et al, | * | |
|    Defendants. | * | |

## ANSWER

Comes now the Defendant, Edward O. Hardy, by counsel, denying the Plaintiff's claims, and shows unto the Court as follows:

1. Defendant, Edward O. Hardy, denies the allegations in Ground One of the Plaintiff's Complaint and demands strict proof thereof. (See Exhibit "A", Affidavit of Edward O. Hardy attached hereto and made a part hereof.)

2. Defendant, Edward O. Hardy, denies the allegations in Ground Two of the Plaintiff's Complaint and demands strict proof thereof.

### DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff cites no conduct on the part of Defendant Hardy that meets the elements of extortion as defined under Federal or State law.

3. Plaintiff and Defendant Hardy entered into a written contract (See Exhibit "B",

South Alabama Community Center Contract attached hereto and made a part hereof) voluntarily and without any solicitation on the part of Defendant Hardy. Plaintiff agreed to each and every term of said contract by initialing thereof as well as signing the entire contract. Plaintiff breached the terms of said contract by violating the conditions thereof.

Respectfully submitted this 8th day of November, 2006.

        s/ Clifton F. Hastings
Clifton F. Hastings (HAS014)
Attorney for Defendant Edward O. Hardy
**CERVERA, RALPH & REEVES, LLC**
914 South Brundidge Street
P. O. Box 325
Troy, Alabama 36081
(334) 566-0116

## **CERTIFICATE OF SERVICE**

I hereby certify a copy of the foregoing Answer has been electronically served upon the following on the 8th day of November, 2006 by CM/ECF:

Steven Mallette Sirmon
Alabama Board of Pardons & Paroles
301 South Ripley St
PO Box 302405
Montgomery, AL 36130
steven.sirmon@paroles.alabama.gov


and I hereby certify a copy of the foregoing Answer has been served upon the following by US Mail on the 8th day of November, 2006:


James Petty
AIS #139044
Easterling Correctional Facility
200 Wallace Drive
Clio, Alabama 36017-2615

                                                                            s/ Clifton F. Hastings
                                                                              Clifton F. Hastings

## AFFIDAVIT

BEFORE ME, the undersigned authority for said County and State, personally appeared **Edward O. Hardy**, who is known to me, and after being duly sworn, deposed and said as follows:

My name is Edward O. Hardy and I am currently employed by the Troy Police Department. I am also President of the South Alabama Community Center.

The purpose of the South Alabama Community Center is to provide adult education, mentoring, rehabilitation, substance recovery services, transportation, home and job planning, credit rebuilding, and family services. This is a 24-month program, with six months being mandatory. Clients are referred to me by the State of Alabama Parole Board. There is no solicitation by me. Forty-five to fifty people have successfully completed the South Alabama Community Center program since it began in 2005.

Fees for entering the program are: (1) a one-time entry fee of $630.00 upon arrival; and (2) a fee of $21.30 per day for the first six-month period. This daily fee pays for the client's transportation, room, board, electricity, gas, telephone and cable. Each client is given a weekly stipend of $25.00 (minimum) for their personal use. If a client chooses to stay after successful completion of the 6-month program, the fee is reduced to $55 per week.

James Petty was referred to me by the Parole Board and entered the South Alabama Community Center program on July 11, 2005 at 11:00 a.m. Mr. Petty initialed and signed a contract upon entering the program agreeing to all fees as set forth

above.

Approximately thirty to forty days prior to completing the mandatory six-month period, Mr. Petty was removed from the South Alabama Community Center and placed in a transition program for his safety as well as the safety of the others in the program after it was discovered Mr. Petty was consuming alcohol, paying for sexual favors, and was suspected of drug use. The transition program that Mr. Petty was moved to had the same monetary, educational or rehabilitative benefits that his previous program had with no change in fees or costs; it was simply a move to a different location for his safety and the safety of others.

At the end of Mr. Petty's mandatory 6-month participation with the South Alabama Community Center program, Edward O. Hardy chose not to renew Mr. Petty's contract. Mr. Hardy felt Mr. Petty was no longer a qualified candidate to continue with the program due to his failure to adhere to the rules of the program as well as his continued alcohol consumption, payment for sexual favors, and suspected drug use.

_____
Edward O. Hardy

SWORN TO AND SUBSCRIBED before me this 8 day of November, 2006.

_____
Notary Public
Commission Expires 05/12/08

SEAL

## SOUTH ALABAMA COMMUNITY CENTER
### (CONTRACT)

1. Each client will agree to the organizational program fee of $21.30 per day. J.P.
2. Each client will agree to give the rights and authority to the organizational program to manage as well as monitor the client saving account. J.P.
3. Each client will agree to give the rights and authority to the organizational program if a client qualifies for government assistance. i.e.… food stamps. J.P.
4. Each client will agree to give the right and authority to the organizational program if the client is on disability or any state/ federal retirement. J.P.
5. Each client will agree to give the rights and authority to the organizational program to receive their work compensation by direct deposit in the organizational business account. J.P.
6. Each client will pay monthly parole fees and report to parole officer as ordered. J.P.
7. Each client will agree to give the rights and authority to the organizational program to choose which bank to open a savings account. J.P.
8. Each client will agree to give the rights and authority to the organizational program to distribute an allowance out of a clients saving account once a week for spending money. J.P.
9. Each client will agree to give the rights and authority to the organizational program to pay for transportation fees weekly out of the clients' savings account. J.P.
9b. Each client will agree to a $7.00 per week transportation fee out of the clients' Saving account. J.P.
10. Each client will agree to pay an entry fee of $630.00 upon arrival, if client does not have said amount he must make a weekly payment of $10.00 per week until entry fee is paid. J.P.
11. Each client will agree to the rules and regulations set by the organizational program for budgeting the client's account. J.P.
12. Each client will agree to stay for 6 months mandatory in the organizational program. J.P.
13. Each client will agree to work everyday if the client is not disable. J.P.
14. Each client will agree to obtain a GED if the client does not have a high school diploma. J.P.
15. Each client will agree to obtain a post secondary education while attending the organizational program. J.P.
16. If a client signs up for the 24month or longer program it is require that the client obtain a post secondary education. J.P.
17. If a client chooses to stay with the program, the organizational program will continue to provide the necessary assistance for the client. J.P.

If the client agrees with the organizational contact please sign below. J.P.

Client _James Petty_
Witness _____
**Subject to change**